NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RUBEN ALEXIS GALVAN, *Appellant*.

No. 1 CA-CR 16-0195
FILED 4-11-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-101663-001
The Honorable Virginia L. Richter, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Ballecer & Segal LLP, Phoenix
By Natalee E. Segal
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

**M c M U R D I E**, Judge:

¶1        Ruben Alexis Galvan-Ruiz ("Galvan") appeals his conviction of criminal damage and the resulting sentence. Galvan's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Galvan was given the opportunity to file a supplemental brief, but did not do so. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Galvan's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In November 2014, Galvan was helping his children into a car when he opened the door into the passenger side of J.M.'s car, which was in the adjacent parking space. A verbal exchange took place and J.M. backed his car out of his parking space. Galvan then jumped on J.M.'s car, pounded his fists into the hood, and kicked the fender. J.M. drove away and returned home, while Galvan stayed in the shopping center parking lot. Both J.M. and Galvan contacted the police and the witnesses present during the incident gave statements. The parties stipulated at trial that the damage on the car amounted to between $250 and $1000, but did not stipulate to the amount of damage Galvan caused.

¶3        Galvan was indicted in February 2015, for one count of criminal damage, a class 5 felony. However, due to the amount of damage found on the vehicle, the State later moved to amend the indictment to a class 1 misdemeanor, which the court granted. Because the indictment was amended to a misdemeanor, a bench trial was conducted. The court found Galvan guilty of criminal damage, but as a class 2 misdemeanor, finding the State failed to prove the value of the damage caused by Galvan. At sentencing, the court suspended Galvan's sentence and placed him on probation for a term of one year. Galvan timely appealed, and this court has

jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[1]

## DISCUSSION

**¶4**         We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. Galvan was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Galvan all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. After the amendment to the indictment, it was appropriate for the court to consider the charged offense a misdemeanor offense and conduct a bench trial. *See* A.R.S. § 13-707(A)(1) (setting the maximum sentence for a class 1 misdemeanor at six months' imprisonment); *Derendal v. Griffith*, 209 Ariz. 416, 422, ¶ 21 (2005) (a misdemeanor punishable by no more than six months' incarceration is presumed to be a petty offense that falls outside the jury requirement). The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the verdict. Galvan's sentence falls within the range prescribed by law.

## CONCLUSION

**¶5**         Galvan's conviction and sentence are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Galvan's representation in this appeal will end after informing Galvan of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Galvan has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

AMY M. WOOD • Clerk of the Court
FILED:  AA

[1]         Absent material revision after the date of an alleged offense, we cite a statute's or rule's current version.